577 So.2d 824 (1991)
Lorena H. MOORE, Plaintiff-Appellant,
v.
Dr. Richard CURRY, D.D.S., Defendant-Appellee.
No. 22249-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1991.
Writ Denied May 24, 1991.
*825 Bruscato, Loomis & Street by C. Daniel Street, for plaintiff-appellant.
McLeod, Swearingen, Verlander, Dollar, Price & Noah by Elmer G. Noah, III, for defendant-appellee.
Before PRICE, CLARK and BALLARD (Ad Hoc), JJ.
BALLARD, Judge Ad Hoc.
Following trial by jury in this case of alleged dental malpractice, the plaintiff, Lorena H. Moore, appeals from a judgment rejecting her claim for damages against the defendant, Richard Curry, D.D.S. We affirm.

FACTS
The eighty-nine year old plaintiff had her teeth removed by Dr. Henry Davis, an oral surgeon, in 1966. Dr. Davis then referred her to defendant to have dentures made. She remained defendant's patient until October 9, 1987.
The record does not reflect treatment of plaintiff prior to March 24, 1983 because defendant expunges from his files records of patients he has not seen in seven years. The following treatment is noted from the available records.
On March 24, 1983 defendant adjusted the full lower denture which consisted of shaving or removing any place where the denture might rub or irritate part of the gum. Three years later, on February 13, 1986, defendant adjusted the full lower denture in the front area of the mouth. On November 18, 1986 plaintiff called to discuss the cost of relining her upper denture. Relining consists of taking an impression *826 of the existing denture and using the existing denture to make a mold of the mouth so that a commercial laboratory can add to the existing denture to better fit the mouth. This reline was successfully performed on December 2, 1986.
On March 25, 1987 defendant adjusted the full upper and lower denture, a common situation following a reline. Another adjustment was performed on June 10, 1987. Plaintiff next saw defendant on July 14, 1987, complaining that her upper denture had lost its retention. As she was planning a trip out of town, defendant inserted a soft liner to accommodate her for the trip. The upper denture was relined August 10, 1987.
On Friday October 9, 1987 defendant adjusted the full lower denture and noticed, for the first time, a lesion that was red and sore, and different from a normal denture sore. Plaintiff said she had a recommendation to see an oral surgeon, Dr. Ray Rhymes. Defendant advised plaintiff to call him Monday if she was not better. Plaintiff did not get better and defendant advised her to make an appointment with Dr. Rhymes.
Upon examination Dr. Rhymes believed the lesion was most likely an ameloblastoma, a rare, slow-growing, benign, non-cancerous growth. Surgery was performed October 21, 1987 to remove the ameloblastoma. It was necessary to cut a nerve which supplies touch, temperature and pain to the lower jaw, lip, and chin. The nerve regenerates although that process is not yet complete for plaintiff.
Following an unfavorable opinion from a medical review panel, plaintiff filed suit against the defendant, contending he failed to properly and timely diagnose the condition, failed to take x-rays to discover it and failed to properly advise and treat her. The defendant denied any negligence, arguing he followed normal guidelines prescribed by the American Dental Association for treatment of patients without teeth in their mouth and in this case exercised good practice and good judgment.
The case was tried before a jury on February 5 and 6, 1990. The jury rendered a verdict in favor or the defendant. The plaintiff appealed devolutively, urging five assignments of error.

MOTION IN LIMINE
Plaintiff's first assignment of error is the granting of a motion in limine. This pretrial motion was filed by defendant to exclude the testimony of plaintiff's expert, Dr. J. Lee Stockslager, a practitioner of general dentistry, from Georgia. At issue is LSA-R.S. 9:2794 A(1), providing:
A. In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq., a dentist licensed under R.S. 37:751 et seq., or a chiropractic physician licensed under R.S. 37:2801 et seq., the plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, or chiropractic physicians within the involved medical specialty.
As Dr. Curry is a practitioner of general dentistry, plaintiff had the burden to prove the degree of knowledge or skill possessed or the degree of care ordinarily exercised by dentists licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances. Dr. Stockslager admitted that he had no contacts with Louisiana in the required fields of knowledge. Significantly, he acknowledged that he was not familiar with the standard of care exercised by practitioners of general dentistry in the state of Louisiana. The ruling on the motion in limine was correct.

*827 MEDICAL REVIEW PANEL EVIDENCE
Plaintiff next assigns as error two rulings by the trial judge in (a) overruling plaintiff's objection to defendant's testimony explaining medical review panel procedure to the jury and (b) allowing defendant to place into evidence the oaths of the medical review panel members.
We believe there was no error in allowing the jury to hear the procedure followed by the medical review panel. If any error existed in the trial court's overruling this objection, we are satisfied it was harmless in light of the entirety of the evidence. Concerning the oaths of panel members, LSA-R.S. 40:1299.47 H clearly provides that the opinion of the medical review panel shall be admissible at trial. Furthermore, LSA-R.S. 40:1299.47 C(5) not only requires a notarized oath for each panel member, it requires the oaths to be attached to the opinion rendered by the panel. Because the oath must be attached to the opinion and because the opinion must be admitted into evidence, we conclude the trial court did not err in his ruling on these matters.

REFUSAL TO ALLOW SPECIFIC REBUTTAL EVIDENCE
Also assigned as error is the refusal of the trial court to allow rebuttal evidence of an unsolicited statement made by Dr. Ralph B. King, Jr., to the effect one could not find a dentist practicing anywhere who routinely took x-rays every three to five years of "dentureless" [sic] patients. Plaintiff claims the defendant should have x-rayed her mouth at least every three to five years and, in so doing, would have discovered the ameloblastoma much sooner. Defendant claims that the local standard (and the American Dental Association standard) does not require such. The defendant's view concerning x-rays was supported not only by Dr. King and Dr. Robert E. Spatafora, defense witnesses, but also by Dr. Ray Rhymes, a witness for plaintiff. Defendant again offered the deposition of Dr. Stockslager, this time in rebuttal to Dr. King's statement.
The trial court did not commit error in refusing to allow this rebuttal evidence. Dr. Stockslager did not meet the requirements to testify and if allowed, his testimony would tend to contradict the earlier testimony of plaintiff's witness, Dr. Rhymes. Further, we are satisfied that any error was harmless upon considering the record in this matter.

FAILURE OF JURY TO FIND NEGLIGENCE
Plaintiff's fifth and final specification of error is the failure of the jury to find that the treatment rendered by the defendant was below the applicable standard of care. Plaintiff specifically submits the following points for argument:
(a) She showed the enlarged area to Dr. Curry several years before surgery.
(b) The jury was shown her lower denture which had been "whittled down" by Dr. Curry in making adjustments.
(c) The size of the ameloblastoma was such that should have been detected by defendant.
The only evidence about plaintiff complaining of a growth or enlarged area came from her own testimony. Dr. Curry forcefully denied any such knowledge prior to October 9, 1987. It is apparent that the jury found that plaintiff did not carry her burden of proof on this point.
Concerning the "whittling down" of the lower denture to make adjustments, plaintiff argues that such action "compels the immediate conclusion" that some growth or enlargement was present to justify the degree of adjustment. Again, the jury apparently used the contrary testimony of Dr. Curry to reach another conclusion.
The jury was shown a piece of material with the general dimensions of the ameloblastoma. The plaintiff argues that a tumor of that size was large enough that defendant should have detected it much earlier. Testimony was given concerning the rate of growth, location and other characteristics of the ameloblastoma. Specifically, testimony described this tumor as growing within the bone and as it grows, it replaces *828 bone, hollowing out the bone, rather than growing out from the bone. The jury again ostensibly believed the other testimony over the demonstrative evidence.
Apparently the jury concluded that the plaintiff failed to carry her burden of proof and found no deviation of defendant from the appropriate standard of care. These findings are supported by the record. It is well settled that a court of appeal may not set aside a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840 (La.1989).

CONCLUSION
For the reasons stated above, we affirm the trial court's rulings on the evidentiary matters appealed herein.
We also find that the jury verdict denying recovery to the plaintiff is supported by the record and is not manifestly erroneous or clearly wrong. Therefore, the trial court judgment is affirmed. Costs are assessed to the plaintiff.
AFFIRMED.